UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BEVINS,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:25-CV-1339** |
| **v.** | : | **(JUDGE MANNION)** |
| **PA DOC, *et al.*,** | : | |
| **Defendants** | : | |

# MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. Defendants have moved to dismiss the case for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth below, the motion will be granted and this case will be dismissed with prejudice.

## I. BACKGROUND

Plaintiff, Joseph Bevins, filed this case through a motion for preliminary injunction on July 22, 2025. (Doc. 1). Because the motion was unaccompanied by a complaint, the court denied the motion without prejudice and required plaintiff to file a complaint. (Doc. 6). Plaintiff filed his complaint on October 8, 2025, and the court ordered service of process on defendants. (Docs. 7, 9). Defendants then moved to dismiss the complaint for failure to state a claim upon which relief could be granted on December

22, 2025. (Doc. 13). The court twice extended the deadline for plaintiff to respond to the motion, (Docs. 17, 19), but he did not do so. One of the orders extending the deadline was returned to the court as undeliverable on March 23, 2026. (Doc. 21). In light of plaintiff's failure to respond to the motion to dismiss for failure to state a claim and failure to keep the court and defendants informed of his current mailing address, defendants filed the instant motion to dismiss for failure to prosecute on May 7, 2026, along with a supporting brief. (Docs. 22-23). Plaintiff has failed to respond to that motion, and has also failed to update his mailing address since the motion to dismiss for failure to prosecute.

## II. Discussion

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

> than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three *Poulis* factors weigh in favor of dismissing this case. First, because plaintiff is proceeding pro se, he is personally responsible for his failure to comply with the court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address or respond to the motions to dismiss prejudices the defendants by delaying resolution of the case. *Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, plaintiff has shown a history of dilatoriness by failing to update his address or respond to the defendants' motions. *Id.*

The court finds that the fourth and fifth *Poulis* factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other sanctions against him at this time, the court is without any viable alternative to dismissal. The sixth and final factor, the meritoriousness of plaintiff's claim, is neutral. Defendants have moved to dismiss the complaint for failure to

state a claim upon which relief may be granted, but because of plaintiff's continued failure to respond to the motion despite the court granting him extensions to do so, the court has not addressed defendants' arguments for dismissal on their merits.

Upon balancing the *Poulis* factors, the court finds that they weigh heavily in favor of dismissal. In light of plaintiff's failures to comply with court orders, the court will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH,* 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order.").

## III. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss for failure to prosecute and dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 8/17/26
25-1339-01